# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Jonathan Salazar** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:11CR02012-001JB**<br>USM Number: **63344-051**<br>Defense Attorney: **Michael Davis, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 922(g)(1), 18 U.S.C. Sec. 924(a)(2) | Felon in Possession of a Firearm and Ammunition | 08/18/2010 | |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**April 11, 2012**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**April 24, 2012**
Date Signed

Defendant: **Jonathan Salazar**
Case Number: **1:11CR02012-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **10 months**.

**The Court incorporates by reference its Memorandum Opinion and Order, filed April 19, 2012 (Doc. 37)("MOO"). Defendant Jonathon Salazar, pursuant to a Plea Agreement, filed October 18, 2011 (Doc. 27), pled guilty to the Indictment, filed July 27, 2011 (Doc. 1), charging him with a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), that being felon in possession of a firearm and ammunition. Plaintiff United States of America agrees to "recommend that the Defendant receive a downward variance to account for the time between the date of the offense, August 18, 2010, and the date of the initial setting of the Defendant`s sentencing hearing." Plea Agreement ¶ 8, at 3. The United States agrees to "recommend the lower end of the imprisonment range of the appropriate sentencing guideline." Plea Agreement ¶ 11, at 5. The parties agree to a 3-level reduction on Salazar`s offense level "so long as the Defendant continues to accept responsibility for the Defendant`s criminal conduct." Plea Agreement ¶ 11, at 4. The parties agree that the United States does not have sufficient evidence to prove that Salazar "possessed a firearm in connection with a felony offense under U.S.S.G. § 2K2.1(b)(6)" and thus that an enhancement under that guideline does not apply. Plea Agreement ¶ 11, at 5. The parties reserve the right to "assert any position or argument with respect to the sentence to be imposed" other than with respect to the stipulations contained in the Plea Agreement. Plea Agreement ¶ 11, at 5-6. Salazar "waives the right to appeal" his "conviction and any sentence at or under the maximum statutory penalty authorized by law," and his right to collaterally attack his conviction "except on the issue of counsel`s ineffective assistance in negotiating or entering this plea or this waiver." Plea Agreement ¶ 15, at 7.**

**The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Salazar on December 8, 2011. In the PSR, the USPO calculates Salazar`s total offense level to be 21. See PSR ¶ 28, at 8. The PSR applies a base offense level of 24 pursuant to U.S.S.G. § 2K2.1(a)(2) based on the defendant committing "any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." PSR ¶ 21, at 7. The USPO notes that a 4-level enhancement under U.S.S.G. § 2K2.1(b)(6) is appropriate given that "the defendant admitted he fired the gun at the two individuals who were breaking into the vehicles," thus establishing that he committed "Aggravated Battery with a Deadly Weapon." PSR ¶ 22, at 8. The PSR, nevertheless, does not apply this 4-level enhancement based on the parties` agreement in the Plea Agreement. See PSR ¶ 22, at 8. The PSR includes a 3-level reduction under U.S.S.G. § 3E1.1 based on Salazar`s acceptance of responsibility. See PSR ¶ 27, at 8. The PSR lists his criminal history category as II, based on 2 criminal history points. See PSR ¶ 33, at 10. The PSR calculates that an offense level of 21 and a criminal history category of II results in a guideline imprisonment range of 41 to 51 months. See PSR ¶ 62, at 19. The PSR recommends a departure based on Salazar`s family ties and responsibilities given that Salazar and Glover "have a seven year old special needs child" named Fernando "who requires round the clock care." PSR ¶¶ 75-76, at 21. There being no disputes about the PSR`s factual findings, the Court adopts them as its own.**

**Salazar asks the Court for a sentence of probation. The Court granted a 3-level downward departure under U.S.S.G. § 5H1.6 based on Salazar`s family ties and responsibilities. See MOO at 1. The United States requests a sentence of 21-months imprisonment at the sentencing hearing on April 11, 2012, and asked for a sentence of 11-months imprisonment when it learned the Court would depart downward under U.S.S.G. § 5H1.6. At the sentencing hearing, the parties agreed to the Court reducing Salazar`s offense level 3-levels pursuant to U.S.S.G. § 3E1.1. The Court also accepted the parties` stipulation that a 4-level enhancement under U.S.S.G. § 2K2.1(b)(6) does not apply.**

**After the Court has granted the 3-level downward departure, the offense level is 18. An offense level of 18 and a criminal history category of II yields a guideline imprisonment range of 30 to 37 months. The Court adopts the sentencing calculation in the PSR as its own other than with respect to the departure the Court granted under U.S.S.G. § 5H1.6.**

**The Court notes that Salazar possessed a Glock handgun model 31, .357 magnum and is a convicted felon. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Salazar`s offense, but will not vary downward further than the variance to which the parties have stipulated. The United States has agreed to "recommend that the Defendant receive a downward variance to account for the time between the date of the offense, August 18, 2010, and the date of the initial setting of the Defendant`s sentencing hearing." Plea Agreement ¶ 8, at 3. Between 19 to 20 months have passed since August 18, 2010, and the Court conducted the**

sentencing hearing on April 11, 2012. The United States estimated at the sentencing hearing that this amount of time was 19 months and 7 days, but that amount of time is actually closer to 19 months and 24 days -- almost 20 months. Taking into account that period of time, a variance to a sentence of 10 months is appropriate. The Court notes that Salazar has already received a sentence of 18-months probation in state court for some of the same underlying conduct, which makes the Court more comfortable with accepting the parties` stipulated downward variance. The Court does not believe, however, that a further variance is appropriate. Salazar engaged in violent conduct during the commission of his crime by firing the weapon at individuals outside his home. This federal conviction will also be his fourth felony conviction, although one of those felony convictions arose out of the same underlying criminal conduct. As part of the underlying conduct for one of his prior felony convictions, he discharged a firearm. See PSR ¶ 31, at 9-10. It does not appear that the State has required Salazar to serve any time in incarceration for these felony convictions. Salazar is only thirty-years old and already has four felony convictions. Those circumstances, particularly the number of felony convictions Salazar now has and that he has engaged in violent conduct in some of these convictions, trouble the Court and counsel against a sentence of probation, even though Salazar has already received a conviction in state court for the same underlying conduct and will now receive a federal felony conviction. Additionally, the Court has already taken into account Salazar`s family ties and responsibilities by departing downward under U.S.S.G. § 5H1.6, so there is no need to vary downward further on that ground. Ten-months incarceration is not such a long period of time that the Court believes it will interfere with providing for Fernando. Nevertheless, the Court believes a sentence of 11-months imprisonment, which the United States has requested, does not appropriately reflect the 18 U.S.C. § 3553(a) factors. Salazar appears to have been shooting a firearm potentially in self defense, or at least in defense of his property against criminal conduct. Furthermore, no one appears to have been injured as a result of this offense. Likewise, he is receiving two felony convictions for the same underlying conduct.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of 10 months is appropriate to reflect Salazar`s criminal history and the seriousness of Salazar`s crime. Other conditions that the Court will require as part of supervised release will also provide Salazar with some needed education, training, and care to prevent these problems from reoccurring. This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). Given that Salazar has effectively received two felony convictions for the same conduct, one in state court and one in federal court, along with two separate sentences, the Court believes that this sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment, and affords adequate deterrence both to Salazar individually and the public generally. Because Salazar appears to have been shooting a firearm potentially in self defense, or at least in defense of his property against criminal conduct, the Court believes the sentence protects the public, as Salazar appears not to have provoked the incident. Given that Salazar is relatively unique among defendants charged with felon in possession of a firearm in that he has been prosecuted in both state and federal court for the same conduct, the Court believes the sentence avoids unwarranted sentencing disparities among similarly situated defendants. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Salazar to 10-months imprisonment.

☒ The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends a county facility in New Mexico, if eligible.**

☐ The defendant is remanded to the custody of the United States Marshal.
☒ The defendant shall surrender to the United States Marshal for this district:
　　☒ at **12:00 p.m.** on **4/13/2012**
　　☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
　　☐ before 2 p.m. on
　　☐ as notified by the United States Marshal
　　☐ as notified by the Probation or Pretrial Services Office.

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Jonathan Salazar**
Case Number: **1:11CR02012-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Jonathan Salazar**
Case Number: **1:11CR02012-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting firearms or other illegal contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must participate in and successfully complete an outpatient mental health treatment program as approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Officer.**

Defendant: **Jonathan Salazar**
Case Number: **1:11CR02012-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A  ☒  In full immediately; or

B  ☐  $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.